HARDY, Judge.
This is an action by plaintiff for the recovery of damages resulting from an accident when the automobile in which he was a guest passenger struck a mule on the highway. Named as defendants were Bobby Joe Hesser, driver of the automobile in which plaintiff was a passenger, Mid-City Auto Sales Company, owner of the vehicle, and their respective liability insurers. From judgment rejecting plaintiff’s demands he has appealed.
Counsel for appellant urges error on the ground that the facts established on trial support the conclusion of negligence as *400 against Hesser, and, alternatively, that plaintiff is entitled, in any event, to recover medical expenses against the insurers.
Examination of the record is convincing as to the correctness of the conclusion that plaintiff has completely failed to discharge the burden of proof on the issue of the negligence of Hesser, his host driver. The only eye witness to the accident was the driver of the automobile, who testified that the mule ran out in front of the vehicle and that he was unable to avoid the collision although he swerved the automobile to his left. Plaintiff was asleep at the time of the accident and his account of the occurrence depends upon his testimony of what Hesser told him subsequent to the accident, which was denied by Hesser. The testimony of the only other witness tendered by plaintiff, a Deputy Sheriff of DeSoto Parish who visited the scene of the accident several hours after its occurrence, has no probative value with respect to the facts of the collision.
The accident occurred on Louisiana Highway 175 at a point where the closed range stock law applies under the provisions of LSA-R.S. 3:2803. It is the well established jurisprudence of this State that a motorist traveling on such a highway has the right to presume it to be free from livestock and is under no duty to anticipate the presence of livestock on the highway.
According to the opinion of the district judge, plaintiff’s claim of entitlement to reimbursement for medical expenses was first asserted in a motion for a new trial and was based upon the contention that the defendant-insurers stipulated coverage of the medical payments in the policy of insurance. This claim is asserted by counsel before this Court and it is urged that the defendant insurers admitted medical payment coverage. We find nothing in the record to support this contention. The stipulation to which counsel refers was dictated into the record, upon the beginning of trial, by counsel himself, and reads as follows:
“If the Court please, we have an agreement between counsel regarding the insurance coverage. It is my understanding that Mr. Smith is willing to stipulate that at least one of these defendants has coverage for this accident in an amount of at least the minimum basic policy limits. Since we do not anticipate getting any more than the policy limits that will be sufficient to cover it.”
The record does not contain either of the policies issued by the defendant insurers, nor is there any reference to the contents thereof. In view of this lack of any proof, the Court would have no foundation for a judgment for medical expenses against either of the named insurers.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.